(No. 35712.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. JACK LUCKY, Plaintiff in Error.

*Opinion filed March 29, 1961.*

502

John M. Batryn, of Chicago, for plaintiff in error.

William L. Guild, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Francis X. Riley, and Marvin E. Aspen, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Hershey delivered the opinion of the court:

Defendant was convicted, after a trial by the court without a jury, of assault with intent to commit robbery and was sentenced to the penitentiary for a term of from two to ten years. His sole contention in this writ of error is that he was not proved guilty beyond a reasonable doubt.

The evidence against defendant was the testimony of the victim, Marvin Mitchell, and of two policemen who arrested defendant and his accomplice in the act of committing the crime. This testimony was contradicted by that of defendant and his companion, who denied any assault and claimed that they were innocently walking past Mitchell, when he began shouting that he was being robbed, whereupon the policemen appeared and arrested them.

The evidence for the People, if believed by the trial judge, as it obviously was, would leave no reasonable doubt of defendant's guilt. Defendant, however, contends that the testimony of the victim, Mitchell, was not sufficiently

clear and convincing to sustain a conviction. In support of this contention, defendant points to the fact that Mitchell had had two beers several hours before the alleged assault; that he did not give a detailed account of all his activities between the time he left work and the time of the assault, but stated that he was window shopping during a good part of that time; and that he and the other witnesses for the People were unable to tell the day of the week upon which the crime was committed.

While the victim had indulged in some moderate drinking several hours before the crime, there is no evidence that he was intoxicated or in such a condition as to be unable to tell whether or not he was being assaulted. Although his account of his activities earlier in the evening was somewhat general, the questions which elicited this account did not require it to be any more specific, and there is no suggestion that these earlier activities were in any way material to the case.

The alleged crime took place on July 29, and at the trial, some six weeks later, the People's witnesses were unable to recall with certainty the day of the week upon which July 29 fell. We are unable to agree with defendant's contention that this renders their testimony unworthy of belief. The presence of the victim and his alleged assailants at the time and place of the assault charged is unquestioned. The only disputed issue is whether the assault occurred. On this issue, the testimony of the victim was corroborated by that of the two arresting officers. The trial judge, who saw and heard the witnesses, evidently believed their testimony rather than that of defendant and his companion.

We are compelled to the conclusion that defendant's real complaint is that the trial judge believed the People's testimony rather than that offered by defendant. This in itself is no reason for reversal. Where there is no jury, it is primarily for the trial judge to determine the credibility of the witnesses and the weight to be accorded their

504

testimony. (*People* v. *Cullotta,* 376 Ill. 333.) This court will not set aside a conviction which depends upon such matters unless it is necessary to prevent apparent injustice. *People* v. *Franceschini,* 20 Ill.2d 126; *People* v. *Pride,* 16 Ill.2d 82.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*