(No. 36469.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* TAYLOR LACEY, Plaintiff in Error.

*Opinion filed May 25, 1962.*

DEAN A. OLDS, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and EDWIN J. BELZ, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE HERSHEY delivered the opinion of the court:

Defendant was tried by a court without a jury, was convicted of robbery and sentenced to the penitentiary for a term of 30 to 35 years. On this writ of error, he contends that he was not proved guilty beyond a reasonable doubt, and that the court erred in admitting in evidence certified copies of prior convictions.

The evidence is undisputed that, shortly after midnight on the morning of August 13, 1959, the complaining witness was raped and robbed at the point of a gun by a man later identified by her as the defendant. Defendant's principal contention is that the identification testimony is unsatis-

factory and leaves a reasonable doubt that he was the person who committed the crime.

Immediately after the crime, the complaining witness notified the police and described her assailant as being about five feet ten inches tall, weighing approximately 220 pounds, and about 45 years old, wearing khaki pants, a white shirt, a belt, and a T-shirt. She described his gun as a grey and brown automatic.

Ten days after the crime, the complaining witness received a call from the police department and was informed that a suspect had been picked up and was asked to come to the station. At the police station, she viewed about 20 or 30 men in the "bull pen" and pointed out the defendant as the person who had committed the crime. Later, a line-up of seven men was held, at which she again pointed out the defendant. At the time of the trial, she again identified the defendant.

Defendant denied that the complaining witness had first pointed him out as her assailant. He testified that one of the police officers pointed at him and asked the complaining witness if he were the man, and, when the woman replied that she wasn't sure, the officer told her she had to be sure, and that only then did she positively identify him.

Defendant contends that the identification of him by the complaining witness was the result of improper suggestion by the police and is not entitled to weight. This contention is based upon an acceptance of defendant's testimony and a rejection of that of the complaining witness. However, the identification by the complaining witness was positive and, if her testimony is to be believed, was not the result of police suggestion. The real question, therefore, concerns the credibility of the witnesses. Where there is no jury, it is primarily for the trial judge to determine the credibility of the witnesses and the weight to be accorded their testimony, and this court will not set aside a conviction which depends upon such matters unless it is necessary to prevent apparent in-

justice. (*People* v. *Lucky*, 21 Ill.2d 501; *People* v. *Franceschini*, 20 Ill.2d 126.) The trial judge was not obliged to accept defendant's version of the identification at the police station and reject the testimony of the complaining witness.

Defendant contends that the identification procedure was improper because the complaining witness was not taken first to a line-up room, but to the bullpen. The People's testimony is to the effect that the witness was not taken to the bull pen but got there inadvertently and that, while there, she, on her own initiative, picked defendant out from among some 20 or 30 men who were there, and that she later picked him out of a line-up of seven men. There is no positive requirement that the defendant be identified in a police line-up (*People* v. *Capon*, 23 Ill.2d 254), although identification is more convincing when the person to be identified is in the company of others who are unknown to the witness. *People* v. *Martin*, 304 Ill. 494.

The identification of the defendant by the complaining witness was positive, credible, and unshaken on cross-examination. Her identification of the person of defendant was corroborated by her identification of the gun used in the commission of the crime, and by the correspondence between defendant's actual appearance and the description she had previously given the police. The testimony of one witness, if clear and convincing, is sufficient to convict even though contradicted by the accused, and where corroborated by other evidence is clearly adequate to justify the conviction. (*People* v. *Sproch*, 409 Ill. 55.) We hold that the evidence is sufficient to sustain the conviction.

At the close of the State's rebuttal evidence, the State offered in evidence three exhibits, which were certified copies of records of conviction, showing that the defendant had previously been convicted of murder in Louisiana and had also been convicted of burglary in Louisiana and Mississippi. All three exhibits were received in evidence over the defendant's objection. Since the defendant had testified

in his own behalf, it was competent to show the prior convictions as bearing upon his credibility. (Ill. Rev. Stat. 1959, chap. 38, par. 734; *People* v. *Williams*, 17 Ill.2d 193.) Defendant argues that, although the prosecuting attorney indicated that he was offering the first exhibit for impeachment purposes, there was no such limitation stated with respect to the purpose for which the other two exhibits were offered. Since, however, the offering of all three exhibits was virtually simultaneous, we think there can be no reasonable question but that they were all offered for the same purpose. In any event, the objection on the part of the defense counsel was a general objection and, therefore, since the records of conviction were admissible for some purpose, it was not error to overrule the objection. Had this been a jury trial, the defendant would, of course, have been entitled to an instruction pointing out the limited purpose for which this evidence could properly be considered. Since this was a bench trial, we presume, in the absence of anything in the record to the contrary, that this evidence was considered by the trial judge only with respect to the purpose for which it was competent. Defendant's contention that these records of conviction were improperly admitted is without merit.

With respect to the Louisiana murder conviction, there was evidence that defendant had been released from the Louisiana penitentiary following commutation of his sentence by the Governor of Louisiana. Defendant contends that, under these circumstances, the record of this conviction should not have been admitted. However, no objection on this ground was made in the trial court. Even if there had been such an objection, it would not have been well taken, since the commutation of defendant's sentence would not have wiped out or have impaired the validity of the conviction.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*