**People of the State of Illinois, Plaintiff-Appellee, v. Marion Slifer, Defendant-Appellant.**

**Gen. No. 11,044.**

Fourth District.

April 24, 1969.

Hurt and Fuller, of Decatur, for appellant.

Basil G. Greanias, State's Attorney of Macon County, of Decatur (Frederick P. Erickson, Assistant State's Attorney, of counsel), for appellee.

SMITH, J.

The defendant was found guilty by a jury of armed robbery and sentenced to the penitentiary. He appeals from that conviction and that sentence on the sole ground that the evidence is not sufficient to establish his guilt beyond a reasonable doubt. The evidence must therefore be examined in the light of the frequently stated rule ". . . that the testimony of one witness alone, if it is positive and the witness credible, is sufficient to convict even though the testimony is contradicted by the accused. People v. Cox, 22 Ill2d 534; People v. Tunstall, 17 Ill2d 160; People v. Pride, 16 Ill2d 82." People v. Johnson, 24 Ill2d 195, 198, 181 NE2d 164, 165.

The defendant testified that he was in the Minit Meal Cafe at about 6:30 on the evening in question, had a cup of coffee, went to the cash register and paid his bill to Velma Rossini. He gave her a $20 bill and waited for the change. One Gallagher walked up and since he had the correct change, the defendant stepped back and Gallagher paid his bill and left. The defendant followed him out, they stood by their cars and chatted a little bit and then he went his way and Gallagher went his. He testified that he had no gun and did not rob anyone or attempt to rob anyone in the cafe nor did he threaten anyone or demand any money. He did not see another waitress, Virginia Lewis, at the cash register after he had paid Velma, did not remember talking to her other than to say hello in passing. He had known Virginia for some eight to ten years. The defendant also testified that he had been convicted of the crime of burglary in the State of Nebraska in 1956.

Gallagher testified for the defendant and confirmed the defendant's version of these occurrence events, stated that he did not at any time see a weapon in the defendant's hands or see him commit a robbery. He further testified that "Velma Rossini took my money, I think."

Velma Rossini testified that she was a waitress at the cafe, that the cafe was crowded on this particular evening, that the cash register sits at the south end on a counter about six feet from the front door and that the defendant had taken the third seat from the north end of the counter. One Swigert was seated next to him. She further testified that she had known the defendant for about seven years, had never seen him in the cafe before, that he came to the cash register to pay, fumbled for change and she asked him to hurry. She rang up the sale and had the drawer open when he demanded money. He pulled a gun from his pocket with his right hand, pointed it at her, and told her to give him the money. He had a handkerchief over the handle of the gun. She could see the barrel and it was small and black. She shut the cash register door and ran into the kitchen, had a conversation with one David Tolle, and then came back out to the counter. She chatted with Arthur Swigert as they stood together at the north end of the counter. At that time, the defendant was at the cash register talking to the other waitress, Virginia Lewis. Rossini saw Lewis give the defendant the money in the form of bills. He was calm, did not speak loudly and was facing towards the southeast when he asked for the money. The police arrived some ten or fifteen minutes later, and the owner of the cafe arrived some little time thereafter. The stools next to the cash register were filled when this happened and there were no other customers at the cash register ready to pay. As she stood at the north end of the counter talking with Swigert, she saw Virginia Lewis give the defendant a handfull of bills lying flat and saw the defendent talking to Gallagher and they left together. He did not run out. She did not see the gun again at the time Virginia Lewis gave him the money nor did she see the money or the gun in the defendant's hands as he left.

One Swigert testified for the People that he was in the cafe, that he was seated on the second stool from the north end of the counter with one stool open to his right. The defendant came in, occupied that stool and was staggering. He ordered coffee from Velma and then left. Later Swigert had a conversation with Velma and looked toward the cash register, saw the defendant standing there and saw him reach over and take bills in his hand and then walk out the door. Virginia Lewis was the waitress who gave him the bills. There was a man standing behind him when this took place. The witness saw no gun or weapon at any time and the defendant did not run as he left the cafe. He didn't know which hand the defendant used to get the money and did not see the other hand at that time.

David Tolle was an eighteen-year-old high school student working at the cafe. He testified that Velma Rossini came to the kitchen where he was working at the grill. As a result of that visit, he made a call to his mother and then to the police and the police arrived about fifteen minutes later. After the call, he looked towards the area of the cash register and saw Virginia Lewis and a man standing there. He could not identify the person he saw.

Virginia Lewis testified that she had known the defendant previous to the evening, saw him at the cash register and he told her he wanted the money out of the cash register and was going to rob her. He pulled out a handkerchief and laid it on the counter, then pulled it back and revealed the barrel of a gun and said, "This . . . here says I'm not kidding you." She then handed him the money and told him he wouldn't get very far because everyone in town knew him. She gave him all of the bills, but no change. He stuck the gun back in his pocket and left. He was standing at the south end of the cash register, was facing southeast with his back partly towards the counter. He could not be seen from the dining area. She further testified on cross-examination that

there was a customer seated on the stool two or three feet away. She further testified that he took the money in his right hand and had the gun in his left hand. She also stated that she had been convicted of forgery in Macon County some ten or fifteen years ago. The cash register was not between the gun and the people sitting at the counter. She further stated that the people standing near the defendant could not have seen his front from where they were standing.

The owner of the cafe testified that he arrived about 7:00 to 7:30 and checked out the cash and arrived at a total of $231 loss. There were no bills in the cash register when he examined it. The evidence further shows that the defendant was arrested later that evening.

■ ■ In People v. Lacey, 24 Ill2d 607, 182 NE2d 730, the court stated that the real issue was the credibility of witnesses. Under such circumstances, the weight to be given the testimony is primarily one for the trier of fact and the reviewing court will not set aside a conviction which depends upon such matters unless it is necessary to prevent apparent injustice. People v. Lucky, 21 Ill2d 501, 173 NE2d 432; People v. Franceschini, 20 Ill2d 126, 169 NE2d 244. This rule must govern here. One of the waitresses and the defendant are tainted with a previous felony conviction. The testimony of Rossini, Lewis and Swigert that the defendant paid his money to Lewis is contradicted by the testimony of the defendant and Gallagher that it was paid to Rossini. If Rossini and Tolle are to be believed, the police were called after the threat to Rossini and before Lewis was accosted and paid over the money. It is, of course, true that no one other than the two waitresses saw the handkerchief or the gun, and this may appear strange in a crowded restaurant. It is apparently the theory of the defense that the defendant was framed or that the waitresses themselves conspired to steal the money and blame the defendant. As was stated in People v. Bailey, 90 Ill App2d 121, 126, 234 NE2d 332,

279

334, "No reason whatever is assigned for any desire on the part of the State's witnesses to accuse the defendant falsely. The jury saw and heard them, as did the trial court. This is an advantage which a reviewing court cannot derive from the cold record." It may seem strange that no one saw the actual robbery in a crowded restaurant, the gun and the handkerchief other than the two waitresses. Equally strange if this was a frameup is the undisputed fact that Tolle called the police after the incident with Rossini and before the incident with Lewis. If Rossini, Swigert and Lewis are to be believed, as well as the defendant himself, there was money in the cash register when he paid his bill and he was handed some or all of it. While the actual robbery weighs the testimony only of the defendant and Lewis as to the actual presence of a gun at the time of the robbery, the testimony of Rossini, Swigert and Tolle is unexplainable except on the theory that they told the truth or perjured themselves. In People v. Pelegri, 39 Ill2d 568, 574, 237 NE2d 453, 457, it is stated:

> "When the trier of fact renders a decision based upon credible and substantial evidence which is sufficient to convict, that verdict is not subject to question on review merely because the judge or jury chose to believe the consistent testimony presented by the State."

In the face of the authorities cited herein, we conclude that the innocence or guilt of this defendant was characteristically one for the jury and not for this court.

The judgment is accordingly affirmed.

Affirmed.

TRAPP, P. J. and CRAVEN, J., concur.