ROSKIN *v.* AETNA INS. CO.

[Cite as Roskin v. Aetna Ins. Co. (1970), 25 Ohio Misc. 95.]

(No. 883189—Decided December 1, 1970.)

Common Pleas Court of Cuyahoga County.

*Messrs. Sonkin, Melena & Roth,* for plaintiff.
*Mr. George W. Lutjen* and *Messrs. Davis & Young,* for defendant.

McMONAGLE, J. The above matter was submitted for decision by the court on the defendant's motion for summary judgment. On January 19, 1966, an automobile insurance policy was in effect, written by the defendant, providing public liability and property damage insurance coverage on a 1963 Chevrolet automobile that was owned by Mr. Roskin. This policy also provided insurance coverage for Mr. Roskin as the assured, while operating certain non-owned vehicles.

On January 19, 1966, Mr. Roskin was operating a 1959 stationwagon owned by his brother who lived in the household of Mr. Roskin. He was involved in an automobile collision and has since been sued by occupants of the other automobile who claim damages for injuries, etc.

Mr. Roskin requested the defendant to defend the lawsuits. The defendant refused to do so, contending that the insurance policy did not impose any obligation upon it to defend against, or to pay any claims arising out of this January 19, 1966, collision. This is its contention in its motion for summary judgment.

The policy of insurance requires the defendant to provide insurance protection to the plaintiff when he is operating the named automobile and to also provide insurance protection for all others who are operating that motor vehicle with the consent of Mr. Roskin. It further requires the defendant to provide insurance protection to Mr. Roskin as the named insured when he is operating a non-owned automobile. The policy includes the following:

Definitions under Part 1

" 'non-owned automobile' means an automobile or trailer not owned by or furnished for the regular use of either the named insured *or any relative,* other than a temporary substitute automobile;"

The defendant's motion for summary judgment involves the construction and interpretation of said provisions of the plaintiff's automobile liability insurance policy.

The parties have stipulated that the automobile of Mr. Roskin's brother was not a temporary substitute automobile.

The following is a portion of the testimony of plaintiff on deposition:

"Q. This 1959 station wagon, did you ever own this car?

"A. Yes.

"Q. Do you remember approximately when you sold it to your brother?

"A. I didn't sell it to him. I gave it to him.

"Q. Did you change title?

"A. Legally, yes.

"Q. Did any money exchange?

"A. No.

"Q. Did you have keys?

"A. I had a key. My wife had a key. My brother had a key. And I don't know how many other people had keys. This was so I could move the car out of my way, so I could get my car out. I am hampered on space. I have to back his car out of the driveway, I would back it out. I couldn't run through his car, and I couldn't run over his car. That is why I had a key. He has a key to my car. The fact is I don't know how many have a key to my car. My wife has a key. My brother has a key, and I have a key."

The testimony of the plaintiff with respect to the residency of his brother is as follows:

"Q. Where does your brother live?

"A. With me.

"Q. How long?

"A. I don't know. He has lived with me since my mother died * * *."

There obviously is no dispute about the fact that the automobile being operated on January 19, 1966, was owned by a relative as defined in the policy. The definition of a non-owned automobile as applicable to the question presented before the court, would read as follows:

" 'non-owned automobile' means an automobile * * * *not owned by * * * any relative* (who is a resident of the same household as the named insured) * * *."

In the case of *Carr* v. *Home Indemnity Co.* (1961), 404 Pa. 27, 170 A. 2d 588, 83 A. L. R. 2d 922, the court con-

cerned itself with the quoted definition of a non-owned automobile. The plaintiff in that case had alleged that the definition of non-owned automobile was ambiguous and she urged that the policy should be construed most strongly against the insurer and in favor of the insured even though the car she was driving was owned by a relative, namely, her brother. The court in denying her claim set forth the following reasoning:

"* * * However, we can not accept this contention. Reading the policy as a whole we find that the term 'non-owned automobile' is clearly defined in the policy *as not including an automobile driven by the insured but owned by a relative, and said term is not ambiguous.* If we were to hold otherwise we would be rewriting the insurance policy for the parties and this we can not do * * *." (Emphasis added.) 83 A. L. R. 2d 925.

A policyholder is obligated to procure and pay for insurance on each car he owns if he desires liability insurance protection while operating each car. Insurance procured on only one automobile does not extend liability coverage to him while operating any other automobile owned by any relative who is a resident of the same household. It is obvious that the policy did not provide the plaintiff liability insurance protection when operating an automobile title in the name of his brother who resided in the same household. This provision is a standard provision written into policies in order to make certain that a person may not have double insurance protection by merely using an automobile belonging to a relative who lives with the policyholder, or by titling an automobile actually owned by him in the name of a relative with whom he lives.

Therefore, under the facts in this case, the motion for summary judgment of the defendant is well taken and should be granted. A journal entry in accordance with this memorandum should be prepared by counsel for the defendant.

*Motion granted.*