(No. 43617. )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. DWIGHT HARRIS, Appellant.

*Opinion filed November 30, 1971.*
*Subsequent order entered December 14, 1971.*

WILLIAM R. KUCERA, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General; ROBERT A. NOVELLE and WILLIAM K. HEDRICK, Assistant State's Attorneys; of counsel,) for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, Dwight Harris, appeals from the judgment of the circuit court of Cook County denying, without an evidentiary hearing, his amended petition for relief filed under the Post-Conviction Hearing Act. Ill.Rev.Stat. 1969, ch. 38, par. 122–1 *et seq.*

The record shows that petitioner filed a post-conviction petition *pro se,* and following appointment of counsel an amended petition signed and verified by petitioner, and supported by the affidavit of his wife, was filed.

In the amended petition it is alleged that petitioner's pleas of guilty were coerced in that his retained counsel threatened to withdraw from his cases unless he pleaded guilty, and that he pleaded guilty even though he had a meritorious defense. In her affidavit petitioner's wife states that petitioner's counsel stated repeatedly that he knew and was in fear of the People's principal witness against petitioner, a police officer, and feared reprisal (apparently to himself) from him if the cases were tried.

The record shows that petitioner was charged in five separate indictments with unlawful sales of heroin. On April 10, 1969, represented by privately retained counsel, petitioner withdrew his pleas of not guilty to each indictment and pleaded guilty to the lesser offense of possession. Before accepting the guilty pleas, the court advised petitioner of his right to a jury trial and that a plea of guilty would result in a waiver of that right. The court further asked petitioner if he was in fact guilty of the offenses, to which he replied he was. The court asked if anyone had "in any manner, whatsoever, threatened you, forced you to plead guilty, or in any way induced you to plead guilty to these charges," to which petitioner replied "No, sir." The court then advised petitioner of the permissible range of punishment and asked him whether he had had an opportunity to discuss the pleas of guilty with his attorney. Petitioner replied that he had. He repeatedly stated that he understood the court's admonishments and persisted in his plea of guilty. The court asked him if he was satisfied with the representation of his attorney to which he replied in the affirmative. The court then accepted the plea of guilty to each indictment, found petitioner guilty, and, after a hearing in aggravation and

mitigation, sentenced him to concurrent terms of four to ten years in the penitentiary on each indictment. No direct appeal was taken from these judgments.

Citing *Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274,* petitioner contends he was deprived of his constitutional rights in that the trial court failed to fully advise him of his privilege against self-incrimination and the right to confront his accusers. We have previously held that *Boykin* is to be applied only prospectively *(People v. Williams, 44 Ill.2d 334),* and the record shows that under the provisions of our Rule 401(b) in effect at that time petitioner was adequately admonished.

Petitioner contends next that the court erred in dismissing his amended petition without an evidentiary hearing in that it alleges a substantial denial of his constitutional rights. In view of what transpired when the pleas of guilty were accepted by the trial court we find the following language from *People v. Spicer* appropriate: "[F]rom the record itself there is no doubt that defendant acted with full understanding at every stage of the proceedings and that he was not misled, coerced, or wrongfully induced to enter his guilty plea by any unfulfilled promise or otherwise. Paraphrasing the language of *People v. Smith, 42 Ill.2d 547,* it would seem incredible that any fact-finder would believe defendant if he now testified in support of his allegations, and his testimony would be of little, if any, value at an evidentiary hearing. We, therefore, find that under these circumstances the trial court did not err in dismissing defendant's petition without an evidentiary hearing." 47 Ill.2d 114, 119.

Finally, petitioner contends that his representation in the post-conviction proceedings was so deficient as to amount to no representation, thus depriving him of effective assistance of counsel. He argues that the record does not contain a certificate of counsel as required by Supreme Court Rule 651(c) and shows affirmatively that

34

the representation afforded him fails to conform to the minimum standards prescribed by *People v. Slaughter, 39 Ill.2d 278* and Rule 651(c).

When the notice of appeal in this case was filed our Rule 651(c) provided: "The record filed in this court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petition filed *pro se* that are necessary for an adequate presentation of petitioner's contentions."

Although the record reflects the filing of an amended petition signed and verified by petitioner and the affidavit of petitioner's wife, it does not follow that appointed counsel complied with the above rule. It is true that in the present state of the record the judgment should be affirmed, but assuming failure to conform with the standards of *People v. Slaughter,* what might result from compliance therewith is conjecture and speculation. We conclude therefore, that the People should be and are hereby granted leave to obtain and file with the clerk of this court, on or before December 15, 1971, an appropriate certificate of appointed counsel in which event the judgment is affirmed. In the event of failure to supply an appropriate certificate in accordance herewith, the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Judgment affirmed upon compliance with order, otherwise reversed and remanded.*

ORDER OF DECEMBER 14, 1971

The court having examined the certificate obtained and filed in compliance with the opinion delivered in this

cause finds that the verified statement of counsel shows compliance with our Rule 651(c) and

IT IS THEREFORE ORDERED that in accordance with said opinion the judgment is affirmed.

*Judgment affirmed.*