THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARION SLIFER, Defendant-Appellant.

(No. 11705;

Fourth District—October 17, 1973.

*Order filed November 6, 1973.*

John F. McNichols, Deputy Defender, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur, (Jon C. Baxter, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

Defendant was convicted of armed robbery after a jury trial and sentenced to a period of 10 to 20 years. His conviction was affirmed by this court on appeal (*People v. Slifer,* 108 Ill.App.2d 275, 247 N.E.2d 174) and subsequently, defendant filed a *pro se* post-conviction petition contending that there was improper evidence considered at the time of his sentencing. The public defender was appointed to represent the defendant and the State filed a petition to dismiss this post-conviction petition. Subsequently, defendant filed a motion for appointment of an attorney other than the public defender on the grounds that defendant had attacked the competency of the public defender in a habeas corpus action filed in the District Court. The court mistook the motion for a

motion to reinstate the appeal and never ruled upon this motion. Subsequently the defendant filed a *pro se* motion asking for the court to rule on his post-conviction petition. A hearing was held on the motion to dismiss the petition, and the petition was dismissed. The public defender represented the defendant at that hearing although it was not the same attorney who had represented the defendant at the time of the trial or on the appeal.

The post-conviction petition raised the point that during the hearing on aggravation and mitigation, the trial court was told of an "unresolved" robbery charge. It was alleged that this was a violation of the defendant's constitutional rights in that he had not been convicted of this charge and, in fact, the trial had resulted in a hung jury and a mistrial. This appeal is based upon alleged error in the failure of the trial court to appoint counsel other than the public defender and in the failure of appointed counsel to file a certification or otherwise show that he complied with Supreme Court Rule 651. No attack has been made upon the dismissal of the petition without a hearing on the merits.

Defendant's argument on the first point is that there was a conflict of interest with the public defender as he was alleging the incompetency of the public defender in the appeal in a federal habeas corpus action. In support of his proposition, defendant cites *People v. Smith*, 37 Ill.2d 622, 230 N.E.2d 169, in which the court reversed the dismissal of a post-conviction petition and remanded for appointment of counsel other than the public defender when the public defender's office was charged with incompetency and even though the attorney on the petition was different from the one alleged to have been incompetent.

■■ This case can be distinguished from *Smith*. At the time of the hearing on the petition herein, the appointed attorney did bring this motion for appointment of counsel other than the public defender to the trial court's attention. He represented to the court that he wrote to the defendant saying that since there was a different public defender (a different attorney had assumed that role), there probably would not be any reason to appoint other counsel and defendant replied by letter saying that he had no other reason for wanting other counsel. This was the representation that was made to the court and there has been no denial that that representation was accurate or a correct representation of what the defendant told his appointed counsel. It is also noted that the incompetency alleged here is that in the handling of the appeal and not that in the trial court; it is the latter proceeding to which the post-conviction petition is directed. As was further pointed out in *Smith*, "* * * under the Post Conviction Hearing Act there is no absolute right to appointment of non-public defender counsel, and such appoint-

ment is within the discretion of the trial court". (p. 623.) Under the above circumstances, where there was actually a different counsel representing the defendant and where the defendant had acquiesced in such representation, it cannot be said that the court abused its discretionary powers in not appointing counsel other than the public defender.

The second point raised by this appeal is the failure of the public defender to comply with Supreme Court Rule 651(c), (Ill. Rev. Stat. 1971, ch. 110A, par. 651(c)), which provides as follows:

"* * * The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, has examined the record of the proceedings at the trial, and has made any amendments to the petition filed pro se that are necessary for an adequate presentation of petitioner's contentions."

It is pointed out that there has been no certificate filed with this record.

The plaintiff answers by saying that a certificate is not necessary in light of the showing in the record that there was correspondence between the attorney and the defendant. The record discloses, however, only a brief reference to this correspondence and the reference is in regard to the issue of the appointment of counsel; there is no showing that any correspondence was directed to the defendant to ascertain his contentions as to constitutional deprivation. It is also urged that the argument of counsel shows familiarity with the record and the hearing on aggravation and mitigation. However, the points raised in the argument were points raised on the petition itself and the attachments to the petition. There was no showing that beyond the examination of the petition the trial record was examined.

■■ There is no showing that the attorney consulted with the defendant to ascertain his contentions of deprivation of constitutional rights or that he examined the record of the proceedings at the trial or made any amendments to the petition that may be necessary for adequate representation. (*People v. Harris*, 50 Ill.2d 31, 276 N.E.2d 327; *People v. Terry*, 46 Ill.2d 75, 263 N.E.2d 923; *People v. Tyner*, 40 Ill.2d 1, 238 N.E.2d 377.) As in *Harris*, whether the standards prescribed by *People v. Slaughter*, 39 Ill.2d 278, 235 N.E.2d 566, would result from the filing of such a certificate is left to conjecture and speculation. Accordingly, the People should be and are hereby granted leave to obtain and file with the clerk of this court on or before November 1, 1973, an appropriate certificate of appointed defense counsel. On the filing of such certificate with the clerk of this court, the judgment will be affirmed. In event

of failure to file an appropriate certificate conforming to Rule 651(c), the judgment will be reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment affirmed upon compliance with order; otherwise reversed and remanded.

TRAPP and SIMKINS, JJ., concur.

## ORDER OF NOVEMBER 6, 1973

The court having examined the Certificate obtained and filed in compliance with the opinion delivered in this court in this cause finds that the statement of counsel now on file shows compliance with Supreme Court Rule 651(c).

It is therefore ordered that pursuant to said original opinion, the judgment is affirmed.

Judgment affirmed.