504

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JESSE ENYART, Defendant-Appellant.

(No. 72-266;

Fifth District—April 3, 1974.

CREBS, J., took no part.

Robert E. Farrell, Deputy Defender, of Mt. Vernon (Gordon Berry, Assistant Appellate Defender, of counsel), for appellant.

Robert F. A. Stocke, State's Attorney, of Louisville, for the People.

PER CURIAM:

Appellant was indicted for murder in 1967 and trial by jury was commenced. After 4 days of trial, a plea of guilty was tendered and accepted, and he was sentenced to 30 to 60 years' imprisonment.

The instant appeal is taken from the order of the circuit court denying post-conviction relief after an evidentiary hearing. Appellant's sole contention on appeal is that Supreme Court Rule 651(c) requires reversal and remandment for further proceedings due to appointed counsel's failure to include in the record a written certificate stating that he examined the report of proceedings from the original trial.

We note that Supreme Court Rule 651(c) does not require a certificate of compliance; this rule requires that the record "* * * shall contain a showing, *which may be made* by the certificate of petitioner's attorney, * * *." (Emphasis added.) Ill. Rev. Stat., ch. 110A, par. 651(c).

However, the People have now presented an affidavit by the attorney who was appointed as counsel in the post-conviction proceeding, which

affidavit avers that he consulted with the petitioner and that he examined all the documents, instruments and records furnished him with reference to the case. Appellant concedes in his brief that the report of proceedings was received by counsel and entered into evidence.

Filing of such certificates of compliance during the pendency of the appeal is in accordance with a procedure suggested by the supreme court in *People v. Harris,* 50 Ill.2d 31, 276 N.E.2d 327, and followed in the appellate courts in *People v. Riggs,* 8 Ill.App.3d 1032, 291 N.E.2d 246, and *People v. Slifer,* 15 Ill.App.3d 136, 304 N.E.2d 153.

We find that there was compliance with Rule 651(c).

Judgment affirmed.

Mr. JUSTICE CREBS took no part in the consideration or decision of this case.