NOTICE
Decision filed 02/03/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 160123-U

NO. 5-16-0123

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Marion County. |
| | ) | |
| v. | ) | No. 14-CF-100 |
| | ) | |
| GREGORY C. McCRAY, | ) | Honorable |
| | ) | Mark W. Stedelin, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Overstreet and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the circuit court's dismissal of defendant's petition for postconviction relief where the record on appeal has been supplemented to include counsel's certificate of compliance with Supreme Court Rule 651(c), and defendant failed to rebut the presumption of compliance where the record as a whole demonstrates that postconviction counsel complied with Supreme Court Rule 651(c) requirements.

¶ 2    Defendant, Gregory McCray, appeals from the circuit court's order dismissing his *pro se* postconviction petition filed pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)) following his negotiated guilty plea to driving while his license was revoked (DWLR), a Class 4 felony, in exchange for a two-year prison sentence. For the following reasons, we affirm.

1

¶ 3                                    I. Background

¶ 4      On April 9, 2014, after police observed defendant driving a vehicle with a missing tail light on April 8, 2014, defendant was charged by information with DWLR, pursuant to section 6-303(d-3) of the of the Illinois Vehicle Code (Code) (625 ILCS 5/6-303(d-3) (West 2014)). The DWLR charge was enhanced from a Class A misdemeanor to a Class 4 felony based on defendant's prior convictions under the same section of the Code. See 625 ILCS 5/6-303(d-3) (West 2014) ("Any person convicted of a fourth, fifth, sixth, seventh, eighth, or ninth violation of this Section is guilty of a Class 4 felony ***.").

¶ 5      On June 19, 2014, defendant entered a negotiated guilty plea to the DWLR charge in exchange for a two-year prison sentence, followed by one year of mandatory supervised release (MSR). The parties also agreed to a resolution of defendant's other pending misdemeanor offenses, either by dismissal or guilty plea, for time served in the county jail.

¶ 6      On September 2, 2014, defendant filed a *pro se* petition for relief of judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2014)), alleging that his license was revoked on April 8, 2014, due to a clerical error made by the Office of the Secretary of State in processing his reinstatement fee. In September and October 2014, defendant filed several additional *pro se* pleadings alleging various facts in support of his section 2-1401 petition and raised a new claim of ineffective assistance of counsel. The circuit court consolidated defendant's claims.

¶ 7      On November 21, 2014, the State filed a motion to dismiss defendant's section 2-1401 petition contending, *inter alia*, that defendant failed to satisfy the statutory

2

requirements for relief, and defendant's claim of ineffective assistance of counsel was not permitted under section 2-1401. The State further contended, in the alternative, that defendant's ineffective assistance of counsel claim was frivolous and patently without merit. The State specifically alleged that defendant had failed to show due diligence and a meritorious defense in both the original action and the section 2-1401 petition. The State also argued that defendant had failed to provide specific allegations in support of his ineffective assistance of counsel claim.

¶ 8    On March 4, 2015, following argument, the circuit court granted the State's November 21, 2014, motion to dismiss, in part, dismissing defendant's claim of ineffective assistance of counsel. The court then proceeded to a hearing on defendant's section 2-1401 petition. After finding that the evidence demonstrated "defendant's license was revoked on the date of the offense," the court denied the petition.

¶ 9    On June 18, 2015, defendant filed a *pro se* postconviction petition pursuant to section 122-1 of the Act (725 ILCS 5/122-1 *et seq.* (West 2014)), reasserting the same claims raised in his September 2, 2014, section 2-1401 petition and also raising additional claims regarding the circuit court's denial of that petition. On August 27, 2015, the court entered an order appointing postconviction counsel to represent the defendant and directing the State to file an answer within 30 days. The petition was set for further hearing on September 29, 2015.

¶ 10   On September 21, 2015, the State filed an answer and a motion to dismiss, alleging that *res judicata* barred defendant from relitigating the issues raised in the September 2, 2014, section 2-1401 petition. Shortly thereafter, on September 24, 2015,

3

defendant's postconviction counsel filed his entry of appearance, and defendant was successfully discharged from MSR the following day.

¶ 11    On January 5, 2016, following several agreed continuances, the State, citing *People v. Henderson*, 2011 IL App (1st) 090923, ¶ 15, contended that, because he had completed his required MSR, defendant lacked standing to bring a postconviction petition under the Act. The circuit court, without objection by postconviction counsel, granted the State seven days to file an amended motion to dismiss, which it filed later that day.

¶ 12    On January 12, 2016, the circuit court held a hearing on the State's amended motion to dismiss. Defendant did not contest the State's assertion that he had completed MSR, and postconviction counsel conceded that Illinois law favored the granting of the State's motion to dismiss. The court took the matter under advisement.

¶ 13    On January 19, 2016, defendant sent a letter to the circuit court requesting to add an ineffective assistance of postconviction counsel claim to his June 18, 2015, postconviction petition. Specifically, defendant claimed that (1) he had not received a copy of the court's August 27, 2015, order, which required the State to file an answer within 30 days, until the hearing on January 12, 2016; (2) postconviction counsel failed to respond to his written correspondence regarding the previous court settings; and (3) the State failed to file a timely answer in violation of the August 27, 2015, order.

¶ 14    On February 16, 2016, the parties appeared before the circuit court for a status hearing. The court stated that the State's amended motion to dismiss was still under advisement and that it had not reviewed defendant's January 19, 2016, correspondence.

4

The court stated that it would not review the correspondence prior to entering a decision on the State's amended motion to dismiss and reset the matter for another status hearing.

¶ 15    On March 9, 2016, the circuit court dismissed defendant's June 18, 2015, postconviction petition. Citing to *Henderson*, 2011 IL App (1st) 090923, ¶ 15, the court ruled that defendant's postconviction petition was rendered moot when he successfully completed MSR. The court subsequently advised defendant of his appeal rights. On March 22, 2016, defendant filed a timely notice of appeal.

¶ 16    On June 12, 2019, the State filed a motion to supplement the record on appeal with the certificate of compliance, pursuant to Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013), which had been filed by postconviction counsel on June 7, 2019. The State argued that pursuant to *People v. Harris*, 50 Ill. 2d 31, 33-34 (1971), and *People v. Hultz*, 51 Ill. App. 3d 663, 665 (1977), the record on appeal may be supplemented during the pendency of an appeal with a Rule 651(c) certificate. Defendant objected. This court granted the State's motion and the Rule 651(c) certificate, filed with this court on June 26, 2019, was made part of the record on appeal.

¶ 17                                    II. Analysis

¶ 18    The issue on appeal is whether postconviction counsel complied with mandatory requirements set forth by Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013). Under Rule 651(c), the record of proceedings conducted under the Act must establish that counsel appointed to represent *pro se* petitioners in such proceedings has (1) consulted with petitioner either by mail or in person to ascertain petitioner's contentions of deprivation of his constitutional rights, (2) examined the record of the proceedings at the

5

trial, and (3) made any amendments to the *pro se* petition that are necessary for an adequate presentation of a petitioner's contentions of error. A properly filed Rule 651(c) certificate creates a rebuttable presumption that postconviction counsel provided reasonable assistance. *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23. "It falls on the defendant to overcome that presumption by demonstrating counsel's failure to substantially comply with the duties mandated by Rule 651(c)." *Jones*, 2011 IL App (1st) 092529, ¶ 23. A remand to the circuit court is ordinarily required where the record does not establish that counsel complied with the rule's mandates. *People v. Suarez*, 224 Ill. 2d 37, 52 (2007). Our review of counsel's compliance with a supreme court rule, as well as the granting of the State's motion to dismiss the postconviction petition, is *de novo*. *Jones*, 2011 IL App (1st) 092529, ¶ 19.

¶ 19    As noted, this court agreed with the State that compliance may be established during the pendency of an appeal by supplementing the record with counsel's Rule 651(c) certificate, as long as the proposed supplementary material does not contradict the existing record. See *Harris*, 50 Ill. 2d at 34 (affirming the judgment upon compliance with an order granting the State leave to obtain and file with the clerk an appropriate certificate of counsel). The filing of such certificate also facilitates judicial economy for reviewing courts in disposing of their cases. *People v. Waldrop*, 353 Ill. App. 3d 244, 248 (2004). Accordingly, we allowed the State to supplement the record on appeal over defendant's objection. Because postconviction counsel's Rule 651(c) certificate is now properly part of the record on appeal, the presumption of compliance arises in this case. We note that our decision to grant the State's motion to supplement the record is also

consistent with cases that have found compliance with certificates filed as supplements to the record on appeal. See, *e.g.*, *Harris*, 50 Ill. 2d at 34-35; *People v. Pate*, 30 Ill. App. 3d 9, 11 (1975); *Hultz*, 51 Ill. App. 3d at 665; *People v. Ford*, 99 Ill. App. 3d 973, 975 (1981); *People v. Yarbrough*, 210 Ill. App. 3d 710, 714 (1991).

¶ 20 Defendant initially requests this court to reconsider our decision granting the State leave to supplement the record on appeal, arguing that *Harris* is "no longer good law." In support, defendant contends that, since deciding *Harris* in 1971, the Illinois Supreme Court has not cited to *Harris*. While this may be true, our supreme court has not expressly overruled *Harris*, and numerous cases since *Harris* have allowed the record on appeal to be supplemented with a Rule 651(c) certificate. See *Waldrop*, 353 Ill. App. 3d at 247 (listing several examples); see also *People v. Akers*, 137 Ill. App. 3d 922, 928 (1985). We, therefore, find defendant's argument unpersuasive and decline his invitation to reconsider our decision. We now turn to the merits.

¶ 21 Defendant argues that counsel's Rule 651(c) certificate is rebutted by the record, thus, we should remand the matter to the circuit court for compliance with the rule. We disagree.

¶ 22 As previously stated, Rule 651(c) requires postconviction counsel to have (1) consulted with petitioner either by mail or in person to ascertain petitioner's contentions of deprivation of his constitutional rights, (2) examined the record of the proceedings at the trial, and (3) made any amendments to the *pro se* petition that are necessary for an adequate presentation of a petitioner's contentions of error. In the present case, at postconviction counsel's request, the circuit court granted several

7

continuances to permit time for postconviction counsel to prepare for the hearing and consult with defendant. In particular, at the October 20, 2015, status hearing, postconviction counsel requested a 30-day continuance to meet with defendant "to determine if any amendments need to be made" to the *pro se* petition and to discuss the State's motion to dismiss. The court then reset the matter two times after postconviction counsel stated that he had met with defendant regarding the petition but was still reviewing the court file and records.

¶ 23 On January 5, 2016, the State reported that defendant had been discharged from MSR, rendering the postconviction petition moot. The circuit court, without objection, granted the State seven days to amend its motion to dismiss to include the mootness claim. The next status hearing occurred on January 12, 2016, following postconviction counsel's request for a quick setting. Postconviction counsel stated that, following consultation with defendant, defendant would not challenge the State's contention that he had been discharged from MSR. Even though postconviction counsel opposed a dismissal on mootness grounds, counsel informed the court that he believed the State's motion was well founded in law. On March 9, 2016, more than two months later, the court issued a ruling, dismissing defendant's June 18, 2015, postconviction petition. Again, on June 26, 2019, the State filed postconviction counsel's Rule 651(c) certificate with this court.

¶ 24 After a careful examination of the record, we conclude that postconviction counsel understood the requirements mandated by Rule 651(c) and the certificate filed, pursuant to the rule, was facially valid. The record as a whole does not contradict counsel's assertions made in the certificate and demonstrates that he substantially complied with

8

the duties of Rule 651(c). Postconviction counsel met with defendant in person to discuss the petition and to determine if any amendments to the *pro se* petition needed to be made. He then requested additional time to examine the court file and record. Thus, by the December 8, 2015, status hearing, postconviction counsel had completed the first and third requirements set forth by Rule 651(c) (*i.e.*, (1) consulted with petitioner either by mail or in person to ascertain petitioner's contentions of deprivation of his constitutional rights, and (3) made any amendments to the *pro se* petition that are necessary for an adequate presentation of a petitioner's contentions of error), and counsel was working to complete the second requirement (*i.e.*, (2) examine the record of the proceedings at the trial). We note that the circuit court did not enter an order dismissing the petition until March 9, 2016, which was approximately four months after postconviction counsel stated he was examining the court file and records. As such, postconviction counsel had a four-month time period to complete his review. Defendant has failed to show that postconviction counsel did not examine the record of proceedings in this time period. Consequently, defendant has failed to rebut the presumption that counsel complied with Rule 651(c).

¶ 25                                  III. Conclusion

¶ 26   The record on appeal contains a valid Rule 651(c) certificate from postconviction counsel, and defendant has failed to rebut the presumption of compliance with the rule where the record as a whole demonstrates that postconviction counsel substantially complied with the mandatory requirements of Rule 651(c). Accordingly, the judgment of the circuit court is affirmed.

¶ 27    Affirmed.