THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LOUIS ROEBUCK, Defendant-Appellant.

(No. 11734; )

Fourth District—August 2, 1972.

Matthew J. Moran, of Defender Project, of Chicago, (Kenneth L. Gillis, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, and Basil G. Greanias, State's Attorney, of Decatur, (Fred G. Leach, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant-Appellant Louis Roebuck appeals from an order of the Circuit Court of Macon County denying relief sought there by means of a post-conviction petition. Defendant was tried by a jury on a two count indictment charging him with the offenses of aggravated battery and armed violence. He was found guilty on both counts and sentenced September 17, 1968, on the latter charge, to an indeterminate term of 3 to 5 years.

On January 2, 1969, the defendant filed, *pro se,* his petition for post-conviction relief. He asked leave to file as an indigent person and requested appointment of counsel. The motion was allowed and counsel was appointed for him. The record shows that appointed counsel then asked and was granted leave to file an amended petition and this was done. Counsel also moved that the Court furnish him with a transcript of the proceedings at the trial and this motion was allowed. It was several months after the allowance of the motion for the transcript that the amended petition was filed and after hearing on the amended petition the Court denied the relief sought.

Defendant first complains that the trial court failed to admonish the defendant of his right to appeal at the time of imposing sentence. The People have filed a supplemental record on appeal which clearly establishes, contrary to defendant's claim, that defendant was admonished of

his right to appeal as directed by Supreme Court Rule 605, and that defendant did not desire to appeal.

■■ Defendant maintains that when counsel was appointed to represent defendant on the post-conviction petition, there still remained time to prosecute an appeal under the provisions of Supreme Court Rule 606(c) and that counsel was incompetent because he did not then advise the defendant to appeal his conviction. This is a gratuitous charge. Defendant cites no case which requires such advice from counsel appointed to prosecute a post-conviction petition and defendant having been properly admonished of his right to appeal at the time of imposition of sentence cannot now urge incompetency of counsel because an appeal was not subsequently prosecuted. The cases cited by defendant are not in point. He cites the *People v. Keeney*, 45 Ill.2d 280, 259 N.E.2d 56, which dealt with the improper dismissal of a notice of appeal filed under Rule 606(c).

■■■ Defendant also urges that Supreme Court Rule 651(c) was not followed in the post-conviction proceedings and states that the Rule "* * * requires that the record contain a certificate, that the attorney consulted with the prisoner by mail or in person, * * *." This is, of course, an inaccurate statement of the Rule. The Rule requires that the record filed in the Court of Review shall contain a showing, which *may* be made by the certificate of petitioner's attorney, that the attorney has consulted with the petitioner, *etc*. The rule clearly states that the showings required may be established by certificate or by the record itself. An examination of the record here shows that in correspondence to the Clerk of the Trial Court the defendant, himself, referred to correspondence which he had received from counsel, the amended petition was prepared by counsel and was signed and verified by the defendant personally. The record shows that the defendant was advised by his attorney of the date of the hearing, that he was advised by counsel that the petition as finally amended raised only issues of law and that the presence of the defendant would not, therefore, be required, to which letter the defendant did not respond. The amended petition, signed and verified by the defendant, also prayed that appointed counsel be authorized by the Court to continue his representation of defendant, thus indicating defendant's approval of counsel's representation. The record shows counsel's motion to be furnished with a copy of the transcript of proceedings had at the defendant's trial and the filing of the amended petition some weeks thereafter strongly suggests that he had examined the report of proceedings prior to amending the petition. We therefore find substantial compliance with the provisions of Rule 651(c).

Defendant prays here that his conviction be reversed "* * * and

10

remanded to the trial court with instructions to allow the defendant to appeal his conviction * * *" on the indictment to this Court.

We clearly have no authority to grant this relief under the provisions of Rule 606(c) due to the passage of time, nor does defendant suggest what there would be to appeal in the event that the conviction was reversed.

We find that the contentions made here are without merit and the judgment of the trial court is therefore affirmed.

Judgment affirmed.

TRAPP, P. J., and SMITH, J., concur.