THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* OSCAR MARSH, Defendant-Appellant.

(No. 12346; )

Fourth District—May 8, 1974.

John F. McNichols, Deputy Defender, of Springfield, for appellant.

Robert L. Welch, State's Attorney, of Virginia, for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant appeals the denial after a hearing of his petition for post-conviction relief. Two issues are presented by this appeal. The first is whether or not the plea of guilty upon which the original conviction was based was involuntary and not knowingly and intelligently made based upon the allegation that the trial court did not properly admonish the defendant concerning the maximum possible sentence for the offense of burglary. The second issue is that the sentence imposed, being a minimum of 4 and a maximum of 9 years, offends the constitutional requirement that all penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship. We affirm.

■■ Initially, the defendant and another were charged with the offense of burglary. On July 22, 1970, the defendant as a result of negotiations entered a plea of guilty and was sentenced as indicated. In explaining the penalty for the offense of burglary, the court recited the language of the statute:

> "'a person convicted of burglary shall be imprisoned in the penitentiary for any indeterminate term with a minimum of not less than one year.'" (Ill. Rev. Stat. 1969, ch. 38, par. 19—1(b).)

The court elaborated on the sentencing provisions by stating:

> "you will note that I read you the penalties, that it would be an indeterminate term in the penitentiary, with a minimum of not less than one year. That means that the court would fix both a minimum and a maximum penalty, and the court could sentence you to the penitentiary for an indeterminate number of years not less than one, but any other number of years as a minimum and also a maximum period of time to the penitentiary."

Upon the issue of sufficiency of that admonition we believe the case of *People v. Gaines*, 48 Ill.2d 191, 268 N.E.2d 426, to be dispositive. In *Gaines*, the defendant was admonished that the court "could sentence you to an indeterminate term in the Illinois State Penitentiary for any number of years, and the court can fix the minimum and maximum terms of such sentence." The supreme court in considering the sufficiency of the admonition upon post-conviction review held:

> "The defendant complains that this admonition was not suffi-

cient to apprise him of the possible sentence he could receive, and as a consequence his plea of guilty was invalid as it cannot be said it was an intelligently offered plea. To support his contention the defendant cites *People v. Terry*, 44 Ill.2d 38, 39, 253 N.E.2d 383, 384, where the admonition was judged to have been insufficient. There the trial court advised the defendant only that 'the punishment for burglary is an indeterminate sentence in the penitentiary.' We consider the circumstances here more closely resemble the admonition given in *People v. Scott*, 43 Ill.2d 135, 142, 251 N.E.2d 190, 194. There we held that the defendant was sufficiently informed of the consequences of his pleading guilty when he was advised that he 'could be sentenced to the penitentiary for any number of years not less than one year.' Here, the defendant, represented by counsel, was admonished that upon his plea of guilty to armed robbery he could be sentenced to an indeterminate term in the penitentiary for any number of years, and that the court could fix the minimum and maximum terms of such sentence. After being informed of his rights to trial and these consequences of pleading guilty, the defendant persisted in his plea of guilty. The admonition, we believe, under all the circumstances, was sufficient." (48 Ill.2d at 193.)

This case has some of the aspects of *People v. Terry*, 44 Ill.2d 38, 253 N.E.2d 383, relied upon by the defendant and followed by this court in *People v. Medley*, 122 Ill.App.2d 279, 258 N.E.2d 392. However, in this case the court did describe the sentence with more particularity and we note that the admonition of the court followed a revelation to the court, as a result of the negotiated plea, that the recommended sentence would be not less than 4 nor more than 9 years and the defendant was interrogated as to his understanding of that recommended penalty. When taken in conjunction with the admonition, we view the record to be sufficient.

■■ We find no constitutional infirmities with the sentence cognizable in a post-conviction proceeding. (See *People v. Null*, 13 Ill.App.3d 60, 299 N.E.2d 792.) We note however that the offense being prosecuted—burglary—is, under the Unified Code of Corrections, a Class 2 felony. (Ill. Rev. Stat. 1973, ch. 38, par. 19—1.) A Class 2 felony upon a sentence of imprisonment is subject to a minimum of 1 year and a maximum of 20 years and is subject to the now statutory requirement that the minimum imposed cannot be greater than one-third of the maximum. (See Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(b) (3).) This court has previously cited with approval the recommendations of the American Bar Association that encompasses the rule now statutorily found in this

jurisdiction. While the Code of Corrections did not become operative until January 1, 1973, and this case does not pend upon direct appeal, for purposes of application of the Code of Corrections, parole eligibility for this defendant is to be measured under the Code if such provisions accelerate parole eligibility. See *People ex rel. Weaver v. Longo*, 57 Ill.2d 67, 309 N.E.2d 581.

For the reasons stated, the judgment of the circuit court of Cass County is affirmed.

Judgment affirmed.

SIMKINS, P. J., and KASSERMAN, J., concur.