THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PERRY GILLERY, Defendant-Appellant.

(No. 73-104; 

Second District (1st Division)—December 26, 1974.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, James W. Jerz and Charles E. Sheehy, of Illinois State's Attorneys Association, of Elgin, for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant, Perry Gillery, pleaded guilty on January 6, 1972, to a violation of the Illinois Securities Law (Ill. Rev. Stat. 1971, ch. 121½, par. 137.12F), and was sentenced to a term of 2½-3 years in prison. No direct appeal was taken from the conviction. However, on September 29, 1972, defendant filed a pro se "Petition for Reduction of Sentence" which the court treated as a post-conviction petition and appointed counsel with directions to file any necessary amended pleadings.

Counsel who had represented defendant both at the guilty plea hearing and the sentencing hearing, thereupon filed a petition for post-conviction relief alleging that the sentence was unlawful and unconstitutional. Defendant asked that the sentence be vacated and that he be resentenced under the Unified Code of Corrctions which classified the charged offense as a Class 4 felony with a minimum of 1 year and a maximum of 3 years. (Ill. Rev. Stat. 1973, ch. 38, pars. 1005—8—1(b)(5), and (c)(5).)

The trial court denied the post-conviction petition on the ground that excessiveness of sentence, the sole issue raised, was not of constitutional dimensions and could not therefore be reviewed under the Post-Conviction Act. We agree. The mere excessiveness of a sentence for a single crime which was within statutory limits when imposed does not create a constitutional issue which may be basis for post-conviction relief.

See *People v. Ballinger* (1973), 53 Ill.2d 388, 389-90; *People v. Arbuckle* (1974), 17 Ill.App.3d 932.

The defendant has also claimed in this court that he was denied effective assistance of counsel, because trial counsel failed to review the report of proceedings at his sentencing hearing in connection with the hearing under the Post-Conviction Act.

In the course of the post-conviction hearing, the judge asked defendant's counsel for a certificate or statement in the record that he had examined all of the proceedings and had conferred with defendant so that he was in a position to raise all possible constitutional issues. Counsel responded that he had corresponded with defendant and had examined the transcript of proceedings. The defendant urges, however, that the statement of counsel is incredible since no transcript of the sentencing hearing was found in the record. Defendant argues that this demonstrates incompetence of counsel because of a failure to comply with Supreme Court Rule 651(c) (Ill. Rev. Stat. 1971, ch. 110A, par. 651(c)), and that the cause must therefore be remanded for a new post-conviction hearing with new counsel who has before him and can review the transcript of the sentencing hearing.

The record before us, however, does include the transcript of the sentencing hearing, and, while the State concedes that defense counsel could not have examined the transcript of the sentencing hearing at the time of his representation of defendant at the hearing on the post-conviction petition, no prejudice has resulted. Appellate counsel for defendant with the benefit of the transcript of the sentencing hearing has not raised any issue except the excessiveness of the sentence which, as we have concluded, is not of constitutional dimensions.

■■ The purpose underlying Supreme Court Rule 651(c) is to insure that all indigents are provided proper representation upon presenting claims of constitutional deprivations under the Post-Conviction Act (*People v. Brown* (1972), 52 Ill.2d 227, 230). The fact that the transcript of the sentencing hearing is before the reviewing court on the appeal from the denial of the post-conviction petition taken alone would not ordinarily satisfy the requirements of Supreme Court Rule 651(c). See *People v. Gonzales* (1973), 15 Ill.App.3d 265, 267-8; *People v. Luechtefeld* (1973), 11 Ill.App.3d 407, 408; *People v. Rooney* (1972), 6 Ill.App. 3d 527, 528; see also *People v. Slaughter* (1968), 39 Ill.2d 278.

However, in *Gonzales*, the issue raised in the post-conviction petition was an unfulfilled sentencing promise. In *Luechtefeld*, a coerced plea was alleged. And in *Rooney*, the "trial record" was not examined. In *Slaughter*, which was a prelude to the present Supreme Court Rule 651 (c), the amended post-conviction petition sought to raise the issue of

defendant's competency to stand trial and deprivation of counsel at a time when an incriminatory statement was made which was used against defendant at trial. There are no comparable issues on this record.

■■ Under the circumstances before us we find no violation of the underlying purposes of Supreme Court Rule 651(c). Defendant was clearly provided proper representation adequate to present any claim of constitutional deprivation which he might have. The same defense counsel at the sentencing hearing had also filed an amended post-conviction petition following defendant's pro se petition. He was, of course, familiar with the sentencing hearing in which he participated, presented and questioned defendant as a witness in his own behalf, and vigorously argued in mitigation and for probation. New appellate counsel for defendant has pointed out no constitutional errors.

The court below, therefore, did not err in dismissing the petition, and the judgment is affirmed.

Affirmed.

GUILD and HALLETT, JJ., concur.