THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ISAIAH BROWN, Defendant-Appellant.

(No. 12676; )

Fourth District—June 19, 1975.

Richard J. Wilson, of State Appellate Defender's Office, of Springfield, for appellant.

No appearance for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant-appellant, Isaiah Brown, was convicted of burglary and sentenced 10 to 20 years. The conviction was affirmed on direct appeal. (*People v. Brown,* 106 Ill.App.2d 477, 245 N.E.2d 548.) On the direct appeal defendant asserted, among other errors, that evidence discovered by the police during a search of a car should have been suppressed. That point was specifically ruled upon in the above opinion.

Defendant then filed a post-conviction petition which was dismissed without an evidentiary hearing. The supreme court reversed since the record did not establish compliance, at the trial level with Supreme Court Rule 651(c) (Ill. Rev. Stat. 1969, ch. 110A, § 651(c)).

Subsequently an amended post-conviction petition was filed on behalf of defendant which again asserted the illegal search and seizure issue previously decided on the direct appeal, and the facts recited the issue are the same as those relating thereto on the direct appeal. At the hear-

ing on the amended petition defendant testified that he had conferred with newly appointed counsel and had discussed all possible denials of constitutional rights with him, and was satisfied with his services. The defendant had requested that the hearing be held before a judge other than the one who had presided at his trial. This was done. Defendant also stated during the hearing that he had been denied his right to a "speedy trial" on his amended post-conviction petition which was filed on November 30, 1973, and heard February 28, 1974, we see no merit in this contention.

■■ He also argued that his sentence constituted cruel and unusual punishment. It is well within the limits authorized by the statute. Additionally the judgment rendered in the direct appeal is res judicata on all points raised or which could have been raised. *People v. Kamsler*, 40 Ill.2d 532, 240 N.E.2d 590.

The Illinois Defender Project moved to withdraw as counsel, and appended to the motion a brief in conformity with *Anders v. State of California*, 386 U.S. 738. The record shows proof of service of the motion and brief upon the defendant. The motion was continued to enable defendant to file additional suggestions, and notice of this opportunity given to him. None were filed.

■■ We have examined the record and agree that it discloses no justiciable issue for review, and that the appeal is frivolous and without merit. Accordingly the motion of the Illinois Defender Project to withdraw as defendant's counsel is allowed, and the judgment is affirmed.

Judgment affirmed.

CRAVEN and GREEN, JJ., concur.