THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* WALTER DREW, Petitioner-Appellant.

First District (4th Division) No. 61319

Opinion filed March 3, 1976.

James R. Streicker and Gordon Berry, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Michael E. Shabat, and Richard J. Michael, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, Walter Drew, was charged with various offenses in a multi-count indictment stemming from a robbery of a gas station in which the attendant was fatally wounded. Subsequent to a plea conference wherein the State nolle prossed three counts of the indictment, the defendant, after consulting with his privately retained attorneys, pled guilty to the remaining charge of armed robbery and was sentenced to a prison term of 8 to 14 years. On November 20, 1973, the defendant filed a *pro se* petition for post-conviction relief as well as a motion for appointment of counsel other than the public defender. Thereafter, a public defender was appointed on December 11, 1973, and he filed a supplemental petition for post-conviction relief which was dismissed by the trial court without an evidentiary hearing on September 19, 1974.

On appeal of the dismissal, the defendant contends that (1) his post-conviction counsel did not sufficiently comply with Supreme Court Rule 651(c) (Ill. Rev. Stat. 1973, ch. 110A, par. 651(c)) and (2) the trial

court erred in not taking any action on his *pro se* motion for the appointment of counsel other than the public defender. We are not in accord.

Supreme Court Rule 651(c) provides in relevant part that if a notice of appeal is filed from the denial of a post-conviction petition of an indigent, the record on appeal "shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, has examined the record of the proceedings at the trial, and has made any amendments to the petition filed pro se that are necessary for an adequate presentation of petitioner's contentions." (Ill. Rev. Stat. 1973, ch. 110A, par. 651 (c).) While the defendant relies on the judicial forerunner of this edict (*People v. Slaughter*, 39 Ill. 2d 278, 285, 235 N.E.2d 566, 569) as well as the fact that the record on appeal does not contain a certificate with statements and assertions as to what defense counsel did in performing his duties, we believe there was sufficient compliance with Supreme Court Rule 651(c). Ill. Rev. Stat. 1973, ch. 110A, par. 651(c).

■■ It is well settled in Illinois that whether an appointed counsel for a post-conviction petitioner has conformed with the dictates of Supreme Court Rule 651(c) (Ill. Rev. Stat. 1973, ch. 110A, par. 651(c)) is not solely dependent upon such counsel filing a certificate of compliance, but also can be established from the record itself. (*E.g., People v. Compton*, 21 Ill. App. 3d 255, 314 N.E.2d 615 (abstract opinion); *People v. Roebuck*, 7 Ill. App. 3d 7, 9, 286 N.E.2d 149, 150.) For example, it has been held that where the record discloses that appointed counsel either (1) filed an affidavit averring that he had personally consulted with the post-conviction petitioner and examined all records with reference to the case (*People v. Enyart*, 18 Ill. App. 3d 504, 505, 310 N.E. 2d 49, 50) or (2) made a direct statement in open court he personally consulted with the petitioner at the penitentiary (*People v. Crosby*, 11 Ill. App. 3d 474, 297 N.E.2d 194 (abstract opinion)), Supreme Court Rule 651(c) has been satisfied.

■■ Applying such judicial construction to the case at bar, it is apparent that the defendant's contention is without merit. In the first place, the record reveals that on September 19, 1974, the court appointed public defender informed the trial court that he tendered a certificate of compliance pursuant to Supreme Court Rule 651(c) (Ill. Rev. Stat. 1973, ch. 110A, par. 651(c)). Moreover, the public defender subsequently filed a supplemental petition for post-conviction relief in which he contended the defendant was entitled to such relief since he was deprived of certain constitutional rights by the trial court. While the defendant relies on the fact that the above-mentioned certificate of

compliance was never found in the court file and was apparently misplaced, it is important to note that the State, in conformity with *People v. Harris*, 50 Ill. 2d 31, 34, 276 N.E.2d 327, 329, obtained and filed with this reviewing court, as a supplemental record pursuant to Supreme Court Rule 329 (Ill. Rev. Stat. 1973, ch. 110A, par. 329), a second certificate of compliance properly executed by the public defender who represented the defendant. This sworn certificate indicated that the public defender (1) consulted with the defendant both by mail and in person to discern what constitutional rights were infringed, (2) obtained and examined the report of the trial proceedings and (3) prepared and filed a supplemental petition in addition to the defendant's *pro se* petition so as to adequately present his claim of deprivation of constitutional rights. Therefore, even though the initial certificate of compliance was somehow misplaced, we believe that the record amply evinced that the concerted efforts of the public defender did comply with Supreme Court Rule 651(c) and that the purpose of such edict, namely, to insure that indigents are provided proper representation when presenting claims of constitutional deprivation under the Post-Conviction Hearing Act (*People v. Brown*, 52 Ill. 2d 227, 230, 287 N.E.2d 663, 665, *aff'd on remand*, 29 Ill. App. 3d 269, 330 N.E.2d 291; *People v. Gillery*, 24 Ill. App. 3d 564, 566, 321 N.E.2d 342, 344), was accomplished in the instant case.

■■ We also believe that there is no propriety to the defendant's second contention. While the defendant maintains that the record on appeal is devoid of any action by the trial court with regard to his motion for appointment of counsel other than the public defender, it must be remembered that an indigent defendant is entitled to counsel other than the public defender only upon a showing of good cause (*People v. Johnson*, 24 Ill. App. 3d 152, 159, 320 N.E.2d 69, 75; Ill. Rev. Stat. 1973, ch. 34, par. 5604; Ill. Rev. Stat. 1973, ch. 38, par. 113—3(b)) and, in the absence of a showing of good cause, it is within the trial court's discretion to deny such a request. (*People v. Johnson*, 24 Ill. App. 3d 152, 159, 320 N.E.2d 69, 75; see *People v. Gratton*, 19 Ill. App. 3d 503, 507-08, 311 N.E.2d 717, 720-21.) In the case at bar, the defendant failed to show good cause in his petition, but merely relied on the unsubstantiated allegation that his prior relations with public defenders have proven fruitless and frustrating. Moreover, in light of the public defender's diligent and competent representation of the defendant throughout the entire post-conviction proceeding coupled with the defendant's failure to renew his objection subsequent to the filing of his motion on November 20, 1973, the defendant was not prejudiced by the absence of a ruling by the trial court on such motion. We therefore conclude that the trial court's technical failure to resolve the defendant's motion for

appointment of other counsel did not constitute an abuse of discretion so as to require a reversal and a remand of this cause for further post-conviction proceedings.

For the foregoing reasons, the judgment of the trial court dismissing the defendant's post-conviction petition is affirmed.

Affirmed.

ADESKO and DIERINGER, JJ., concur.