THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
FRANK IRONS, Defendant-Appellant.

Fifth District    No. 76-545

Opinion filed October 21, 1977.

CARTER, P. J., dissenting.

James Geis and David Mejia, both of State Appellate Defender's Office, of Chicago, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Bruce D. Irish, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant appeals the denial of his post-conviction petition in which he alleged he did not knowingly and understandingly enter a plea of guilty to aggravated battery because he was not advised by the court during the plea proceeding that there would be a mandatory parole period of 3 years following his release from incarceration.

Defendant entered his plea of guilty on February 4, 1975 following negotiations and received the agreed sentence of one to three years. It is not disputed that the court failed to advise defendant that the sentence would include a mandatory parole term of 3 years as imposed by statute. Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(e)(2).

Defendant's petition for leave to file late notice of appeal was denied by this court. Subsequently defendant filed the post-conviction petition we now consider. He argues that a constitutional question is presented

since he did not knowingly and understandingly enter his plea of guilty as required by *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, and *People v. Reeves,* 50 Ill. 2d 28, 276 N.E.2d 318. The prayer of defendant's petition is that the mandatory parole portion of his sentence be vacated. He asserts that that disposition is required by fundamental fairness because he has already served the incarceration period of his sentence (defendant is on parole) and he should not be required to plead anew, citing *United States ex rel. Baker v. Finkbeiner,* 551 F.2d 180 (7th Cir. 1977), and *United States ex rel. Ferris v. Finkbeiner,* 551 F.2d 185 (7th Cir., 1977).

In *People v. Wills,* 61 Ill. 2d 105, 110, 330 N.E.2d 505, our supreme court held that trial judges must advise defendants of a mandatory parole term accompanying an offense before accepting a plea of guilty to that offense. It was stated that: "The constitutional requirement for a valid plea of guilty is that it be intelligent and voluntary, and as we said in *People v. Reeves,* 50 Ill. 2d 28, 29, '*Boykin* adds the requirement that if the guilty plea is to withstand appellate or post-conviction review "the record must affirmatively disclose that the defendant who pleads guilty enters his plea understandingly and voluntarily." ' " The *Wills* opinion concluded by holding that the admonition concerning the period of mandatory parole applies prospectively to guilty pleas taken subsequent to May 19, 1975. It accordingly is not expressly applicable here.

■■ Under the interpretation placed upon Supreme Court Rule 402(a)(2) in *People v. Krantz,* 58 Ill. 2d 187, 317 N.E.2d 559, which predated the *Wills* case, it was unnecessary for a trial judge to admonish a defendant entering a plea of guilty that a mandatory parole term would follow any prison sentence imposed upon conviction of a felony. That rule was changed by *People v. Wills* but it nonetheless was applicable at the time of defendant's negotiated plea of guilty in this case. Accordingly, the trial judge was not required to admonish defendant of the mandatory parole term that would follow his prison sentence, but it was required that defendant enter his plea knowingly and understandingly.

■■ The record discloses that at the time defendant entered his plea of guilty he was expecting to serve a period of time on parole following release from his prison sentence. On January 12, 1976, he filed a *pro se* post-conviction petition (later supplanted) in which he alleged that his trial counsel had told him that he would be subject to a 6-month parole term. Also, at the hearing on the post-conviction petition the defendant placed in evidence a letter from himself to the Appellate Defenders Office for the Fifth District in which he related: "I could complete sentence in 18 months * * * with six months parole." In this letter, as well as other letters of defendant in evidence, and by his testimony, defendant stated that he would not have entered a plea of guilty if he had known of

the 3-year mandatory parole term. Defendant's argument, however, must accommodate the fact that he did expect to be placed on parole for 6 months following his prison sentence and that he had this expectation at the time he entered his plea. The defendant's argument as thus modified must be that he received a longer term of parole than he was expecting at the time he entered his guilty plea. Under this circumstance no constitutional question is raised. *People v. Shaw*, 49 Ill. 2d 309, 273 N.E.2d 816; *People v. Gillery*, 24 Ill. App. 3d 564, 321 N.E.2d 342; *People v. Marsh*, 19 Ill. App. 3d 357, 311 N.E.2d 416.

There are no other allegations that defendant was not fully admonished of the consequences and advised of his rights at the time his guilty plea was entered. Nothing suggests that defendant entered his plea other than knowingly and understandingly, except as to the extent of the term he would serve on parole. As to this, no constitutional question is raised. We consider that there was substantial compliance with the then applicable legal requirements and the judgment denying the post-conviction petition should be affirmed. *People v. Ellis*, 59 Ill. 2d 255, 320 N.E.2d 15; *People v. Krantz*.

Affirmed.

KARNS, J., concurs.

Mr. PRESIDING JUSTICE CARTER, dissenting:

The majority hold that defendant's argument must "accommodate" the fact that he did expect to be placed on parole for 6 months following his prison sentence, and that he only received a longer term of parole than he was expecting at the time he entered his guilty plea. It must have come as quite a shock for the defendant to learn that instead of a 1- to 3-year sentence for which he bargained he received in reality a 1- to 6-year sentence.

The court in *United States ex rel. Baker v. Finkbeiner* (7th Cir. 1977), 551 F.2d 180, stated, "We do not find the imposition of a two year parole term to be an insignificant punishment. The conditions for parole place a number of onerous burdens on the liberty of paroled individuals."

The record indicates to me that the defendant was under the distinct impression that he was to receive an indeterminate sentence of 1 to 3 years, and that his plea of guilty was not entered voluntarily and knowingly.

For the above reasons, I would order that the defendant be released from that portion of the judgment requiring the defendant to serve a 3-year parole term on completion of his indeterminate sentence.